(6 App. Div. 38.)
### TAYLOR v. CHAMBERLAIN.

(Supreme Court, Appellate Division, Second Department. June 2, 1896.)

1. VENDOR AND PURCHASER—MARKETABLE TITLE.

Where a decedent's land in Connecticut was sold under Gen. St. Conn 1888, § 600, which provides that the court of probate, on the application of an executor or administrator, may order the sale of decedent's real estate, taking a sufficient probate bond, "and if, of the amount realized, after the payment of all debts and charges and incidental charges of sale, a surplus remains, the same shall be divided and distributed in the same manner as said real estate would have been divided and distributed if the same had not been sold," but the record does not show that any bond was ever executed by the executor or administrator, such omission is sufficient to make the title unmarketable.

2. SAME—SALE BY PROBATE COURT.

Whether the probate court has power under such section to sell merely for the purpose of partition among the heirs, and not for the payment of debts, is a question of such doubt as to render unmarketable the title to real estate sold in such proceedings for purposes of partition.

Appeal from special term, Westchester county.

Action by Alexander Taylor, Jr., against Robert L. Chamberlain, for specific performance of a contract for the exchange of real estate. Judgment was rendered in favor of plaintiff for $5,543.72, damages and costs, and defendant appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

William S. Maddox, for appellant.
Jacob Halstead, for respondent.

HATCH, J. The action is brought to enforce the specific performance of an executory contract for the exchange of real estate. The land owned by plaintiff is situate in the state of Connecticut; that owned by defendant, in this state. After the execution of the contract, plaintiff tendered a deed of his premises to the defendant, and demanded from the latter a conveyance of his premises, and the fulfillment in other respects of the provisions of the contract. Defendant refused to accept plaintiff's deed, or execute a deed of his property, upon the ground, among others, that the title tendered by plaintiff was defective. The contract was silent respecting title, but the law implies that the parties are entitled to a good and indisputable title, and defendant was entitled to a title which was good, marketable, and clear of defects, before he could be put in default of fulfillment of the contract. Moore v. Williams, 115 N. Y. 586, 22 N. E. 233.

The evidence given upon the trial disclosed that one Elizabeth Anderson was a prior owner of the property, and, she having died intestate, an administrator was appointed of her estate; and plaintiff derives his title through him, by deed executed in virtue of an order made and entered in the probate court for the district of Greenwich, in the state of Connecticut, that being the district where plaintiff's property was situate. Plaintiff's title is, there-

fore, dependent upon the construction to be placed upon these proceedings and the law of the state of Connecticut, if any, which authorized it. It was claimed by plaintiff that such authority was conferred upon the probate court by virtue of a certain statute adopted by the legislature of the state of Connecticut. It became, therefore, incumbent upon plaintiff to establish the existence of such statute. The record does not disclose that the statute was at any time introduced in evidence. But a statute was read, and a lawyer of Connecticut, sworn as a witness, testified that it was a statute of the state of Connecticut. As no objection was made to this testimony, and as the parties and probably the court considered that the statute was sufficiently authenticated, we may so treat it, although it did not comply with the law respecting proof which is requisite to establish the existence of a statute of a foreign jurisdiction. Kenny v. Clarkson, 1 Johns. 385; Toulandon v. Lachenmeyer, 1 Sweeney, 45. The statute thus established reads:

"The court of probate, upon the application of the executor or administrator of any deceased person whose estate is in settlement in such court, upon hearing after public notice, may in its discretion, order the sale of the whole or part of any real estate or an undivided interest therein, in such manner and upon such notice as it shall judge reasonable, taking a sufficient probate bond, and if of the amount realized, after the payment of all debts and charges and incidental charges of sale a surplus remains, the same shall be divided or distributed in the same manner as such real estate would have been divided or distributed if the same had not been sold." Gen. St. Conn. 1888, § 600.

The testimony tended to establish, and it seemed to be practically conceded, that no authority existed in the probate court to order the sale of a decedent's real estate, except for the payment of debts, unless such authority be conferred by the provisions of this statute. Let us first examine the proceedings which were taken in the probate court which led to the sale and conveyance. They consist of a petition, which recites that the deceased left certain real estate within the jurisdiction of the court, describing it, that it could not be beneficially divided, and that it is for the best interest of the estate that the whole of said real estate be sold, and prayed that it be sold after due notice and hearing had. Upon the presentation of this petition an order of publication was made, and upon the return of proof of publication an order of sale was made, followed by an order accepting the return of sale, and subsequent proceedings on the distribution of the proceeds. The statute provides that, upon the application to sell, the court, if it grants the order, shall take a sufficient probate bond. There is nothing in these proceedings to show that any bond was ever executed by the administrator, either upon these proceedings or in the general course of administration. It is the rule in this state that, as probate courts are of limited and inferior jurisdiction, the creation of statute, it devolves upon those claiming authority and right under them to show affirmatively the authority and facts which confer jurisdiction. In re Hawley, 104 N. Y. 250,

10 N. E. 352; Works, Courts & Jur. p. 431 et seq. And this seems to be the rule in Connecticut, where it is said:

"An authority given to executors or administrators to sell, is a personal trust or confidence and must be strictly pursued." Lockwood v. Sturdevant, 6 Conn. 373.

In that case the order authorized the administrators to sell real estate and raise the sum of $174.99, and they sold and granted by deed of the estate to the amount of $186. It was held that this invalidated the deed, and that a subsequent decree of probate distributing the surplus did not validate their acts. This rule would seem to be quite as strict as any which prevails in this state. Griswold v. Bigelow, 6 Conn. 258. We are not now called upon to say that the omission to give a bond, or the failure to show that one was given, avoids this proceeding. It is all-sufficient to say that it puts in jeopardy the title tendered.

If, however, we could see that this did not affect plaintiff's title, there yet remains a more serious question upon the jurisdiction of the probate court to make this order of sale. This proceeding was confessedly not necessary to pay debts, nor does it appear that any debts existed. At common law the land passed to the heir, and the administrator took no interest in the estate. This is the rule here and also in Connecticut. Griswold v. Bigelow, supra. Consequently, the administrator could convey no title unless authorized by the proceedings had and taken. This proceeding was taken purely for the purpose of dividing the estate. It would properly have fallen to the office of a suit in partition. The statute seems to contemplate that the power conferred bears some relation to the payment of debts, as its language is, "Of the amount realized, after the payment of all debts," the surplus shall be distributed. The testimony of the probate judge is to the effect that there exists no power in the probate court to order the sale of real estate, except for the payment of debts. We may safely assume that a judge of the court who has sole authority to exercise this power, if it can be exercised at all, knows what the law is, and his jurisdiction. He is also supported in this view by the testimony of Mr. Mead, the town clerk, and a lawyer of the state. It is true that Mr. Hubbard, the lawyer who conducted these proceedings, testified that they were regular, that the court was possessed of jurisdiction under this statute, and that the superior court had so decided. This, at the most, presented a conflict of evidence as to what the law is. We are not called upon to now construe this statute, or determine the question of fact thus presented. We are clearly able to say that the question of right in the probate court to order this sale is one of grave doubt, and that, in the absence of a controlling adjudication upon the question by the courts of Connecticut, we think no person ought to be compelled to take a title under it. Such condition clearly creates an unmarketable title, and defendant was justified in his refusal to accept the tendered deed.

These views lead to a reversal of the judgment and the ordering of a new trial. All concur.