vision, Second Department. October 13, 1896.) Action by Lyman C. Smith against the International Postal Supply Company of New York and others. No opinion. Order affirmed, with $10 costs and disbursements. All concur.

SMITH, Respondent, v. ROURKE, Appellant. (Supreme Court, Appellate Division, First Department. November 13, 1896.) Action by Elizabeth Vonder Smith against Bernard Rourke. G. E. Waldo, for appellant. E. W. S. Johnston, for respondent. No opinion. Order reversed, and motion granted upon condition that the defendant pay $10 costs and disbursements of this appeal; the costs of the present motion and costs of the motion precluding him from giving evidence.

SMITH v. SMITH et al. (Supreme Court, Appellate Division, Third Department. December 18, 1896.) Action by Esther J. Smith, as administratrix, etc., against Adon N. Smith and others, as executors, etc. No opinion. Order affirmed, with $10 costs and disbursements. All concur.

SNECKER, Respondent, v. SNECKER, Appellant. (Supreme Court, Appellate Division, First Department. November 13, 1896.) Action by Louise P. Snecker against William Snecker. A. H. Hummel, for appellant. J. A. Beall, for respondent. No opinion. Judgment affirmed, with costs.

SNELL, Respondent, v. GRAY, Appellant (two cases). (Supreme Court, Appellate Division, Fourth Department. October 16, 1896.) Action by Cornerius R. Snell against Rosamond H. Gray. No opinion. Order affirmed, with $10 costs and disbursements. All concur.

SOMMER v. OPPENHEIM. (City Court of New York, General Term. October 30, 1896.) Action by Rudolph Sommer against Leo Oppenheim. M. Cohn, for appellant. A. A. Joseph, for respondent. No opinion. Judgment and order affirmed, with costs.

STANTON, Respondent, v. PASSAIC ROLLING—MILL CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 20, 1896.) Action by John E. Stanton against the Passaic Rolling-Mill Company. No opinion. Judgment and order unanimously affirmed, with costs.

STATE TRUST CO. v. CASINO CO. (Supreme Court, Appellate Division, First Department. June, 1896.) Action by the State Trust Company against the Casino Company. No opinion. Application denied. See 39 N. Y. Supp. 258.

STEENBURGH, Appellant, v. MILLER et al., Respondents. (Supreme Court, Appellate Division, Third Department. December 16, 1896.) Action by George W. Steenburgh against John H. Miller and John H. Miller and others. No opinion. Motion for substitution of Loren C. Steenburgh, as administrator, etc., of George W. Steenburgh, as plaintiff in the above-entitled action, granted.

STEINHARDT et al., Respondents, v. TURK, Appellant. (City Court of New York, General Term. November 2, 1896.) Action by Louis Steinhardt and others against Herman Turk. Goldfogle & Cohn, for appellant. S. Venino, for respondents.

FITZSIMONS, J. The attachment granted herein upon its face shows that it was issued for the reason that it appears that defendant has assigned and transferred his property with intent to defraud his creditors. Such an attachment cannot stand, for the reason that it fails to state the ground upon which it was issued. See Hale v. Prote, 75 Hun, 13, 26 N. Y. Supp. 950, and Johnson v. Buckel, 65 Hun, 601, 20 N. Y. Supp. 566. The motion to vacate said attachment should have been granted. Order appealed from reversed, and the warrant of attachment herein vacated with costs to appellant.

VAN WYCK, C. J. I concur in the result that the warrant of attachment should be vacated with $10 costs, and that order be reversed, with costs.

STEVEN, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. October 16, 1896.) Action by Jacob E. Steven against the New York Central & Hudson River Railroad Company. No opinion. Motion denied, with $10 costs. All concur. See 39 N. Y. Supp. 944.

STONE, Appellant, v. STONE et al., Respondents. (Supreme Court, Appellate Division, First Department. November 13, 1896.) Action by Andros B. Stone against Georgiana C. Stone and another. G. C. Lay, for appellant. A. Jaretzki, for respondents. No opinion. Order reversed, without costs, and motion granted so far as to allow the appellant to serve a new case within 20 days after the entry of the order hereon; subsequent proceedings to be as though no case except this particular case had ever been served. See 39 N. Y. Supp. 1133, and 40 N. Y. Supp. 1150.

SULLIVAN v. UNION RY. CO. (Supreme Court, Appellate Division, First Department. July, 1896.) Action by Edward Sullivan against the Union Railway Company. No opinion. Motion denied, with $10 costs. See 40 N. Y. Supp. 84.

SWIFT, Respondent, v. SWIFT, Appellant. (Supreme Court, Appellate Division, Third Department. October 2, 1896.) Action by Charles H. Swift against William S. Swift. No opinion. Motion for reargument denied, with $10 costs. See 39 N. Y. Supp. 384.

TAYLOR, Respondent, v. CHAMBERLAIN, Appellant. (Supreme Court, Appellate Division, Second Department. October 13, 1896.) Action

by Alexander Taylor against Robert L. Chamberlain. No opinion. Motion for reargument denied, with $10 costs. See 39 N. Y. Supp. 737.

In re TAYLOR ST. (Supreme Court, Appellate Division, Fourth Department. April, 1896.) In the matter of the opening of Taylor street. No opinion. Order reversed, with disbursements allowed to appellant.

THOMAS et al., Respondents, v. HAYES et al., Appellants. (Supreme Court, Appellate Division, Third Department. December 2, 1896.) Action by Rebecca A. Thomas and others, as administrators, against Simon B. Hayes and others. No opinion. Judgment affirmed, with costs. All concur.

THOMAS, Respondent, v. LENNON, Appellant. (Supreme Court, Appellate Division, First Department. October 23, 1896.) Action by John Thomas, administrator, against William F. Lennon.

PER CURIAM. The same considerations which have been applied in the case of Gamble v. Lennon (decided at this term) 41 N. Y. Supp. 277, obtain and control here. There was no attempt, apparently, at proper diligence in preparing to print and file the cases. No valid excuse is given for the delay, and no reason is shown why the attorney should not have procured an extension of time in the proper way. The motion to dismiss the appeal is granted, with $10 costs.

THOMAS v. LENNON. (Supreme Court, Appellate Division, First Department. November 13, 1896.) Action by John Thomas, as administrator, etc., against William F. Lennon. No opinion. Motion denied, with $10 costs. See supra.

In re THOMPSON. (Supreme Court, Appellate Division, First Department. December 11, 1896.) In the matter of J. Walter Thompson. No opinion. Motion denied, with $10 costs. See 41 N. Y. Supp. 740.

THOMPSON, Respondent, v. VILLAGE OF GOWANDA, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 16, 1896.) Action by Almira Thompson against the village of Gowanda. No opinion. Judgment and order affirmed, with costs. All concur.

TOCH, Appellant, v. TOCH et al., Respondents. (Supreme Court, Appellate Division, First Department. October 23, 1896.) Action by Serena Toch against Henry M. Toch and others. Chas. G. F. Wahle, for appellant. Louis Wertheimer, for respondents.

PER CURIAM. For the reasons stated in the opinion herewith handed down in the case of Toch v. Toch, 41 N. Y. Supp. 353, this order must be reversed, with $10 costs, and the motion denied, with $10 costs.

TODD, Respondent, v. MORTON, Appellant. (Supreme Court, Appellate Division, Second Department. December 8, 1896.) Action by Henry H. Todd against Thomas S. Morton. No opinion. Judgment and order affirmed, with costs. All concur.

TOWNSEND, Respondent, v. MANN, Appellant. (Supreme Court, Appellate Division, Third Department. December 2, 1896.) Action by Theophelia C. Townsend against John Townsend Mann. No opinion. Judgment and order affirmed, with costs. All concur.

TRAIN, Respondent, v. DAVIDSON, Appellant. (Supreme Court, Appellate Division, Second Department. December 15, 1896.) Action by Mary B. Train against George L. Davidson. No opinion. Order affirmed, with $10 costs and disbursements. All concur.

TRAYNOR, Respondent, v. MURTAGH et al., Appellants. (Supreme Court, Appellate Division, Second Department. November 20, 1896.) Action by Frank Traynor against Charles E. Murtagh and others. Philip L. Wilson, for appellants. Henry A. Powell, for respondent.

PER CURIAM. The plaintiff has recovered a verdict of $400 damages against the defendants by reason of their failure to allow him to complete a contract, into which he had entered, to move their house back from the front to the rear portion of a lot on North Second street, in the Eastern district of the city of Brooklyn. He alleged that the lot at the rear was not wide enough to receive the building, and it appears to have been conceded that, if such were the fact, the defendants were liable, inasmuch as no exception was taken to the instruction, given to the jury by the learned trial judge, to the effect that, if the plaintiff had been prevented from moving the house back because the defendants did not have land of sufficient width to move it back upon, then the plaintiff was entitled to a verdict. Whether there was land enough in the rear for the house to stand on, or not, was a question of fact for the jury, the correct determination of which was largely dependent upon the two surveys which yielded different results,—one favorable to the contention of the plaintiff, the other to that of the defendants. The appellants insist that the plaintiff's survey should have been excluded, because the surveyor did not take the line mentioned in the conveyances for his starting point; but we are not able to say, from this record, either as matter of law, or as a conclusive inference of fact, that such is the case. The plaintiff's survey is also criticised because it was made long after the time when the house was to have been moved; but this fact did not render it inadmissible, inasmuch as there was other evidence in the case tending to show that, at the time of the survey, the encroachment on the rear of the lot, which rendered it too narrow to receive the house, was just the same as it was when the contract concerning the removal of the building was made. The issues were fairly and clearly left to the jury by the presiding judge, and we cannot interfere with the verdict. Judgment and order affirmed, with costs.